UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                          Case No. 8:19-cr-398-VMC-SPF

MARIA BASSI LAURO,

    Defendant.

_____/

### ORDER

This matter is before the Court on consideration of the pro se Motion to Reduce Restitution filed by Maria Lauro on March 13, 2023. (Doc. # 113). The United States has responded. (Doc. # 115). For the reasons described below, the Motion is denied.

## I.   Background

Lauro pleaded guilty to three counts of making biological agent and toxin hoaxes on March 25, 2021. (Doc. # 80). This Court sentenced her to a term of imprisonment of six months on June 23, 2021, and ordered her to pay restitution in the amount of $3,961.44. (Doc. # 92).

Now, Lauro asks the Court to accept a reduced lump sum payment from her daughter in order to satisfy her restitution obligation. (Doc. # 113).

1

II.  **Legal Standard**

A district court does not have inherit authority to modify a final judgment. See United States v. MacArthur, 510 F. App'x 802, 803 (11th Cir. 2013); United States v. Diaz-Clark, 292 F.3d 1310, 1315, 1317–18 (11th Cir. 2002). As applicable to Lauro's case, a final restitution order can be corrected under Federal Rule of Criminal Procedure Rule 35 or adjusted under 18 U.S.C. § 3664(k). See MacArthur, 510 F. App'x at 803.

Rule 35(a) permits a court, "*within 14 days after sentencing*," to "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a) (emphasis added). However, the 14-day time limit in Rule 35(a) is jurisdictional. United States v. Phillips, 597 F.3d 1190, 1196–97 (11th Cir. 2014).

Section 3664(k) allows the court to "adjust the payment schedule, or require immediate payment in full" if there has been a material change in the defendant's economic circumstances. 18 U.S.C. § 3664(k).

III. **Analysis**

Here, the Court cannot modify its final judgment of Lauro's restitution obligation. Lauro's request comes nearly two years after the restitution order became final – far

outside the jurisdictional time limit provided in Rule 35. Further, there is no error in the final restitution order for the Court to correct, and Lauro does not contend otherwise. Neither does Section 3664(k) allow the Court to modify the restitution order. Lauro has not made a showing that there has been a material change in her economic circumstances and has asked for a reduction in restitution owed – not for an adjustment to the payment schedule. Therefore, Lauro has no demonstrated no basis on which the Court could award her relief.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Maria Lauro's Motion to Reduce Restitution (Doc. # 113) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>4th</u> day of April, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE